**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABRAHAM DABBAH, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> JEFFERSON CAPITAL SYSTEMS LLC, <br><br> Defendant. | Civil Action No. 22-6894 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Jefferson Capital Systems LLC's ("Defendant") Motion to Dismiss. (ECF No. 6.) Plaintiff opposed (ECF No. 10), and Defendant replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is granted.

**I.    BACKGROUND**

Plaintiff is an individual who owes a debt in the amount of $502.22 (the "Debt") to Verizon Wireless. (Def.'s Moving Br. 6, ECF No. 6-1.) Verizon Wireless hired Defendant to collect the Debt. (Compl. ¶ 24, ECF No. 1.) On November 30, 2022, Plaintiff filed a Complaint alleging various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (the "FDCPA"). (*Id.* ¶¶ 1, 11.) Specifically, Plaintiff alleges that Defendant violated two provisions of the FDCPA, 15 U.S.C. §§ 1692e and 1692f. (*Id.* ¶ 14.)

On or about May 21, 2022, Defendant sent Plaintiff a collection letter (the "Letter") with respect to the Debt. (*Id.* ¶ 26.) The Letter's title states, "Resolve Your Debt For Less Than Full Balance." (Def.'s Moving Br. 6.) The Letter included the following statements:

> You can resolve this account with 2 monthly payments of $112.99 which represents approximately a 55% savings . . . . We will request the credit bureaus delete the Jefferson Capital, LLC tradeline approximately 30 days after the final payment has been posted that resolves the account as paid in full.

(*Id.*)

Plaintiff alleges that the last line of the Letter leads to two possible readings: (1) that he can get the tradeline deletion if he pays the two discounted monthly payments; or (2) that he only gets the tradeline deletion if he pays the entirety of the debt he originally owed. (Compl. ¶¶ 31-32.) Because of the confusion and uncertainty created by the multiple readings of the last line of the Letter, Plaintiff avers that the Letter is "false, deceptive, unfair, and/or misleading," and he "expended time, money, and effort in determining the proper course of action" in reliance on the Letter. (*Id.* ¶¶ 37, 40.)

## II.   LEGAL STANDARD

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[1] the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

A complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain "sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). In the end, a court will grant a motion to dismiss brought under Rule 12(b)(6) if the factual allegations in the complaint are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550. U.S. at 555.

**III.   DISCUSSION**

Defendant moves to dismiss Plaintiff's §§ 1692e and 1692f claims. (Def.'s Moving Br. 7.) Additionally, Defendant argues that Plaintiff has not suffered any material harm. (*Id.* at 14.)

"[The FDCPA] provides consumers with a private cause of action against debt collectors who fail to comply with the Act." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). The purpose of the Act is "to protect 'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." *Id.* at 454. "Because the FDCPA is a remedial statute, [courts] construe its language broadly . . . ." *Id.* at 453. To that end, "[c]ourts routinely employ a 'least sophisticated debtor' standard" to decide if the FDCPA is violated. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). "Although the least sophisticated

3

debtor standard is 'lower than the standard of a reasonable debtor,' 'it 'preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Id.* (alteration in original) (citation omitted).

Upon consideration of the parties' arguments, the Court finds that Plaintiff cannot sustain his §§ 1692e and 1692f claims. The Court addresses each of these claims below.

### A.     Plaintiff's § 1692e Claims

Section 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To determine violations of § 1692e, "[courts] focus on whether a debt collector's statement in a communication to a debtor would *deceive or mislead* the least sophisticated debtor." *Jensen*, 791 F.3d at 420.

The Court finds that under the unique facts of this case, the least sophisticated debtor would not be confused as to the meaning of the last line of the Letter. The Letter qualifies the final payment as one "that resolves the amount as paid in full." (Def.'s Moving Br. 6.) The reader can infer, therefore, that the final payment is not one that pays the owed debt in full but one that resolves the settlement amount. Additionally, when applying the least sophisticated debtor standard, courts read collection letters "in their entirety," and not any line of the letters in isolation. *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 430 (3d Cir. 2018) (citing *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008)). Here, the Letter indicates in its title that its subject is about resolving the Debt "For Less Than Full Balance." (Def.'s Moving Br. 6.) The body of the Letter only talks about the logistics of the resolution. (*See id.*) When reading the Letter as a whole, the least sophisticated debtor would not understand the last line of the Letter as requiring the amount of the debt to be paid in full for the tradeline to be deleted.

4

### B. Plaintiff's § 1692f Claims

Plaintiff also argues that the Letter uses "unfair or unconscionable means" in connection with the collection of the Debt. (Compl. ¶ 62.) § 1692f enumerates a list of prohibited conduct that is considered "unfair and unconscionable." 15 U.S.C. § 1692f. Even if the Letter fails the least sophisticated debtor standard by having two possible meanings of the last line, creating confusion is not one of the prohibited actions listed in § 1692f. "Section 1692f 'allows a court to sanction improper conduct that the FDCPA fails to address specifically.'" *Feuerstack v. Weiner*, No. 12-04253, 2014 WL 3619675, at *7 (D.N.J. July 22, 2014) (citing *Turner v. Prof'l Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013)). "[C]ourts have . . . routinely dismissed § 1692f claims when a plaintiff does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." *Id.* (alternation in original) (quoting *Ali v. Portfolio Recovery Assocs., LCC*, No. 13-4531, 2014 WL 1767564, at *4 (D.N.J. May 2, 2014)). Since Plaintiff does not allege unfair or unconscionable conduct that is not already addressed by the § 1692e claims, the § 1692f claim must be dismissed.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's claims under §§ 1692e and 1692f is granted. The Court will enter an Order consistent with this Memorandum Opinion.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE